The first case is Karam Technologies v. Ford Motor and BMW, 2024, 1183 and 1480, and Judge Toronto is online, we have a nice view of him, and Mr. Kelson. Thank you, Your Honor, and may it please the court, Taylor Kelson on behalf of the plaintiff appellant Karam Technologies. The district court made errors in the construction of two claim terms of the asserted patents and granted summary judgment of non-infringement based on those errors. We ask the court to correct those errors, vacate the judgments of non-infringement, and remand for further proceedings. I'll address the detecting a change or a detected change limitation first, which is found in Claim 1 of the 475 patent and Claim 1 of the 416 patent. On appeal here, is it only literal infringement? There's no DOE arguments on appeal, is that correct? There were never DOE arguments with respect to this limitation, Your Honor. There were DOE arguments that were litigated below with respect to the controller limitation in view of changes to the governing case law. Karam sought to add a DOE infringement opinion below. That is not on appeal, however, the only surviving infringement allegation on appeal is literal infringement, that's correct. And what did the district court do with that seeking to add that DOE argument? Was it untimely? It was largely an issue of timeliness, Your Honor. Yes, Karam took the position that changes in governing law merited the addition of that DOE opinion after the close of expert reports. The district court disagreed and that DOE opinion is not, we did not appeal the denial of the addition of that DOE opinion. So with respect to the change limitation, the district court correctly determined that a change means a vehicle lateral acceleration that is different than a previous vehicle lateral acceleration. But when the district court applied that construction to Ford's accused systems, it added a requirement to its construction effective than changing its construction, requiring a formula that compares one lateral acceleration value with another. And this was error. A direct comparison of one value to another is, of course, one way to detect a change in a quantity like lateral acceleration, but it's not the only way. And the district court improperly excluded systems that detect changes in an indirect way, for example, by performing repeated comparisons of the lateral acceleration value to a fixed threshold and taking a certain action only when that threshold is exceeded. And the specification of the patent and, importantly, the structure of the claims confirms that the patent is structured in such a way that exceeding a threshold is one type of change that can occur to a lateral acceleration value. Can I ask this question? In the accused product, the action of reducing speed by lowering torque or something is taken whenever there is an exceeding of the threshold, not including just repeated exceedings of the threshold without perhaps even any change in the previous value and the current value of the measure of lateral acceleration. Your Honor, the evidence regarding the accused products indicates that the repeated checks for whether lateral acceleration has exceeded a threshold are performed iteratively over and over and over again in a control loop so long as lateral acceleration is below the threshold. And then when that threshold is exceeded, that is the change, and a control routine is enacted to reduce the vehicle's speed. Reducing torque is the first option, and then if that doesn't work— And do the measurements continue thereafter? I assume they do. They do at some point, Your Honor. I am, frankly, standing here not certain what the evidence indicates about the nature of the measurements that occur continuously after that change has occurred. But the point of the process that is accused of infringement is that iteration of the control loop, when lateral acceleration goes from below a limit to above a limit, that is the change that's detected, and that is the change that results in the claimed actions reducing the vehicle's speed. The reason that you say that's detecting a change is that something like there's either memory in the detector or an associated component that has a record of the previous lateral acceleration measurement. That was below the threshold, so what? directly, but the evidence indicates, and we believe we could prove to a jury, that that is how this system is operating with respect to what happens after that change is detected from below the threshold to above the threshold. What about the control loop? Excuse me, Judge Carnell. Go ahead. So just so that I understand, I guess my understanding is that repeated measurements of lateral acceleration, even when they are changing, as long as they're below the threshold, no breaking is effectuated. Repeated measurements above the threshold, even when there is a change, as long as it's above the threshold, the breaking will continue or maybe even be more. So it's just at the one transition point that the system that you're accusing or that you want to include, you want to say detects a change because that one happens to be crossing the threshold. That's correct, Your Honor. The change from below the threshold to above the threshold is the type of change that the system detects and that causes the system to begin performing the other claimed steps. It is certainly correct that there are other changes in lateral acceleration that the accused systems do not detect, and this is a point that both defendants made in their briefing. And we don't dispute that. If lateral acceleration is moving around below the threshold or moving around above the threshold, that is a type of change in the lateral acceleration value that the accused systems are not going to detect. And the claims don't require that they be capable of that detection. The claims require detection of a change. Here, the specific change is the type of change where the value goes from below to above the threshold, and that is a change. There are other changes that are not detected, absolutely. Can I ask one quick question on this issue before we move on, Judge Lloyd? Yes. Okay. So with respect to Claim 5 of the 475 patent, why wouldn't the additional limitations of Claim 5 be rendered superfluous if we adopt your proposed construction with change limitations? Certainly, Your Honor. So it is possible that there is an accused system. In fact, the system we accuse satisfies both limitation 1E of Claim 5 and the dependent limitation of Claim 5 in the same step. But that doesn't mean that Claim 5 is superfluous. There are systems out there, one can imagine, that would satisfy Claim 1 and not satisfy Claim 5. For example, a system might use a different method entirely to detect a change in lateral acceleration. The system might compute the derivative of lateral acceleration, for example, and look for changes that way. That would infringe Claim 1, presuming all of the other steps were satisfied, but it wouldn't infringe Claim 5 because the system is never looking for a threshold. And that means that Claim 5 is not superfluous to Claim 1. They're not claiming the same scope. It is possible those can be satisfied in the same step, but they don't have to be. You can do it a variety of different ways that may or may not additionally infringe Claim 5. What about controller, singular or plural? Yes, Your Honor. The District Court below determined that the A controller in Claim 10 of the 416 patent must be a singular controller that performs all of the recited functions of said controller. And that was error. The specification of the patent makes clear that the controller referenced in Claim 10 can be one or more controllers acting cooperatively. The clearest illustration of this is that if you map the claimed functionality of Claim 10 onto the structure shown in Figure 2 of the 416 patent, you see that all of the functions recited in Claim 10 are not performed by the same controller of Figure 2. Many of the functions are performed by Controller 222 of Figure 2, but Claim 10 indicates that the claimed controller is operative to reduce the vehicle speed. But what about the use of the language said controller within Claim 10 of the 416 patent? Your Honor, said controller refers back to A controller, and that A controller can be one or more controllers. Certainly, it can be one, but it can be more than one as well. The said is just sets the antecedent. You're saying the said is controlled by A rather than interpreting what A means? I believe that's correct, Your Honor. The said is A is the antecedent basis for said. Whatever A captures, said also captures. And the question of what A and said capture comes back to what the specification discloses about what a controller is and how a controller operates in context. And what the specification discloses, taking the example of Figure 2, is that if you map the functionality of Claim 10 onto Figure 2, some of the claimed functionality is performed by Controller 222. But Controller 222 alone is not operative to reduce the vehicle speed. It offloads that functionality to Braking System 212, which is itself described in Column 4 as including a transmission controller and a brake booster controller. In any event, we have to deal with a controller issue no matter what we decide on detecting a change because of Claim 10. Claim 10 doesn't have the detecting a change limitation, right? Oh, correct, Your Honor. Yes. I believe the court does need to reach both of these disputes no matter how the change limitation is resolved. That's correct, yes. So the illustration in Figure 2 demonstrates… Claim 10 does have the detecting a change limitation, though, doesn't it? I apologize. I misstated that. Maybe let's just try to make sure my understanding is correct. If we're looking at 416 patent Claim 10, I thought it was also in that claim as well. I don't believe Claim 10 recites the… The bottom of the first paragraph. I don't see it. In any event, you're into your rebuttal time. I don't believe Claim 10 recites… You can come back with the answer. I certainly will, Your Honor. I don't believe it does, but I will confirm that, and I'll reserve my remaining time. Thank you. Mr. Weiner, is it? Weiner, yes. Yes, Your Honor. Thank you. May it please the Court. The District Court correctly construed both disputed claim terms in this case. Detecting a change because the plain and ordinary meaning of that term is backed up by every piece of the intrinsic record. It is detecting a change and not detecting a change in magnitude. Said controller, because this Court's case law clearly states that when the term A is used to describe a device and followed by a function, adding further functions to said device means that that device is one singular device or a group of devices, but at least one of which is capable of performing all of the claimed functions. I'll start with detecting a change. What Karam asked the Court to do is two things, and they say this at page 29 of their brief. Counsel restated it here. First, to construe the term to mean comparing a term to determine whether it's different than its previous value. So far, so good. No disagreement. That's the plain and ordinary meaning of detecting a change. But what's actually… I'm sorry. I'm sorry. It's agreed that the word comparing is part of the construction. Karam is asking the Court to say — I'm sorry, Your Honor. If I said comparing, I misspoke. Any method of determining the present value is different than a previous value. That's a big difference. Maybe it's what the whole issue is about. Yes, Your Honor. I apologize. I didn't mean to misstate it. What Karam is asking the Court to do, though, is add something additional to that, including by determining that the present value has exceeded a predetermined threshold. And that is where we part company, and that is where we differ. Because detecting a change means comparing two values, looking at something present and later, to determine whether a change has taken place. That's the sine qua non of the ordinary meaning of detecting a change. To put it grammatically, detecting is the participle. It's the action we're taking. We are detecting something. What are we detecting? It must be a change. That meaning is backed up by and confirmed by what Karam said — or I'm sorry, the applicant said in the prosecution history of this patent. What the applicant said is directly opposite of what Karam now asked the Court to do. In the prosecution history, the applicant told the PTO, clearly a change in a variable is not at all the same thing as the magnitude of the variable. Now, the District Court did not find disclaimer, and this Court need not find disclaimer to rule in our favor. What we are saying is that plain ordinary meaning controls, but if the Court sees some daylight, some difference between that ordinary meaning and what Karam now asked for, certainly the prosecution history closes that door. So as I understand the heart of this, it's that Karam wants to include in the concept of detecting a change an action taken by a system that repeatedly measures a value, and upon that value exceeding a particular threshold, for the first time it now knows it's supposed to do something, namely break. That has to be implicitly detecting a change, because for the first time the breaking action is taken. All the previous measurements, many times each second, did not trigger the breaking action because they were below the threshold. So when the threshold is met, that is necessarily a change from the previous measurements. Why is that not detecting a change? Your Honor, I agree that a change has occurred in that scenario. Where we disagree is that the system has detected a change. As we said below and as we repeated in our briefs here, the system is not asking whether a change has occurred. The question, what the system is detecting, is not whether a change has occurred, but are you above my threshold or below my threshold. So the key there, Your Honor, is the phrase detecting. An example for you, if I have a clock, it's broken, it will have the correct time displayed twice a day. The clock is not detecting anything about the time. It's merely displaying the time. The same can be said for a smoke alarm, which isn't looking for changes in the amount of smoke. It's just looking for are you above or below my threshold. So the key there, Your Honor, is in the phrase or the part of the phrase detecting. What's being detected is not the change. And that's exactly what the applicant told the PTO in the prosecution history. To some extent, I guess I'm trying to figure out what aspect of the analysis helps answer the question when so much of the language here seems to me just to be asserting it's this, it's not this. So the smoke alarm situation. So in my kitchen, smoke alarm doesn't go off for months on end. Then it goes off. You don't think a reasonable artisan would say that the smoke alarm has detected a change in the smoke level from what it has been the last few months to now? No, Your Honor. I may have gotten us too far into the weeds of how smoke detectors work, but the optical sensor in the detector isn't looking for changes in smoke. It's just asking is there enough particulate in my way that I am above a magnitude. That's not detecting a change. And, Your Honor, to the extent we're looking for something grounding beyond just counsel argument and what ordinary meaning is, I would point to the prosecution history. I would point to the specification, which adds the necessary context to this patent. There in the specification, repeatedly, the patentee spoke of detecting changes, measuring lateral accelerations, time filtering them, which is part of that before or later change analysis. And then there are actual comparisons listed out in Column 5 where Figure 4 is discussed and the different changes are compared. The only time the specification refers to a comparison of a magnitude is in Column 6, Lines 24 to 27, where the patentee says after you've determined that the vehicle is in the curve, after you've gone through that process of detecting changes to analyze where the vehicle is in the turn, that's when you may look at a magnitude, and if you exceed the magnitude, you may apply braking. So, Your Honor, it's not just say-so and it's not just an ordinary meaning debate. It is backed up by everything that's in the specification. The claims themselves say the same thing. The Claim 1 of the 475 patent, for example, you detect a change, quote, based on a change in the measured lateral acceleration. That's what we're looking at, a change in the measured lateral acceleration, not comparisons of that measured lateral acceleration to a predetermined value or a magnitude. So, Your Honor, it's not just ordinary meaning. It's backed up by the specification, by the claims, and by the prosecution history. The example— Can I just ask you, when you refer to the prosecution history, I think I remember you saying what you— well, anyway, what you featured during the argument this morning is a sentence about change is different for magnitude. Indisputable proposition. Of course it is. I'm not sure that that actually moves the ball much in your favor. But you don't—you didn't this morning at any rate rely on the distinguishing of, what is it, Cato? Is that the prior art that was distinguished? And I wonder why not. Well, Your Honor, there are two pieces of prior art that were distinguished, Cato and Tsutsumi. The one that Ford focused on in his brief is the Tsutsumi reference, the 799 reference. And so, Your Honor, actually, that is important and critical because, as you know and as the court knows, while the prior art that's being responded to is important to understanding the context of what the applicant is saying, and that prior art reference in column 7, lines 37 to 48, actually describes exactly what we're describing here as a magnitude system, a system that reacts and makes changes to acceleration. Mr. Weiner, why don't you deal with controller? Because BMW, I believe, is not going to be dealing with controller. So tell us why the court was correct. Certainly, Your Honor. In terms of controller, this court's case law in the Finjan case, Varma, Salazar, and others, makes the proposition clear. A can be plural. It's true in a general context with respect to some objects. When you start adding functions to that object, a controller that does such and such, said controller to do this further task, then what is required by the plain language of the term is that one of those controllers must do both tasks. As the court— Your opponent says said controller is determined by the meaning of a controller. You're arguing that said controller and its functions helps to determine what a controller means. Your Honor, I'm arguing that when a function is added through said, a controller must mean a controller that performs both of the listed functions. The court put it colorfully and neatly in the Varma case. If you have a dog and it must both fetch and roll over, it's not enough to infringe to have two dogs, one that can fetch and one that can roll over. Both functions, I don't know if that term applies to dogs, but both tasks have to be accomplished by at least one of the dogs. Well, whether that's colorful illustration depends upon the color of the dog. Perhaps, Your Honor. I can advise the court on that. Can you address figure two? I was going to say, can you do one housekeeping thing for me? Can you tell me exactly what the asserted claims are currently as they stand now? Yes, Your Honor. With respect to the 416 patent, it's claims six and ten, and the 475 patent is claim five. And then, Your Honor, you were asking me to address figure two? Right. I think your opposing counsel relied on figure two as an illustration of how two different functions, as I understood it, two different functions recited in claim one, or at least in claim five, dependency on claim one, are taken by two different controllers, the one 220-222 and the one inside 212, according to the description. Yes, Your Honor. So briefly, as I see my time is running short, figure two describes only one controller. There's only one thing labeled as a controller. And if you go to the specification, column four, lines 30 to 37, what you'll see is the braking system described there is not a controller that takes in the inputs from the changes in acceleration and makes a determination about whether to brake. The braking system described is the car's base braking system. The controller, as defined in the claim, is something that takes in those inputs and makes a decision commanding braking. But the braking system itself, the things that squeeze rotors and maybe reduce engine torque, that's not the same thing as what's being described as the, quote, controller in either the specification, the figure, or the claims. Do you have a view on the question whether if Judge Andrews was right about detecting, we need to reach claim 10 or don't? Your Honor, I believe you need to reach claim 10 regardless. Because the detecting requirement, you don't think, is in there? Your Honor, I believe that's correct. OK. Since I'm the controller here, let's move to BMW. Thank you, Your Honor. Crystal Avenue. Good morning, Your Honor. May it please the Court, Lionel Avenue from Finnegan for the BMW appellees. For us, as you noted, Judge Lori, the only issue for us is claim 6 of the 416 patent, and specifically this concept of what is determining a detected change in lateral acceleration. Claim 6. Claim 6. Depends from claim, independent claim 1, Your Honor. Yes. Not claim 10. Correct. And, Judge Toronto, I would just like to take your example and run with that and hopefully move the ball in my favor, as you noted. The issue that you raised was, well, what about the example of a system that repeatedly measures values and that the first time that you reach a threshold and you're over that value, then it takes action. Isn't that implicitly detecting a change? And my answer is twofold, no. First, because the claim specifically requires that you determine a detected change in the vehicle lateral acceleration. If you are using the example that you noted, then you are not detecting a change in lateral acceleration with the system, as my co-counsel from Ford noted. The second point I'd like to make is that in the prosecution history, in the Tsutsumi reference, there was a clear and specific example exactly like what you just illustrated in your hypothetical, where you have repeated measurements of value. The first time you're over a value, then you take an action. And is that a change? And what did Karam say to the Patent Office? They specifically said that that is not a change, that exact example. And I can point you to the specification of the Tsutsumi reference. Can you give me the JA reference for the Tsutsumi discussion in the prosecution history? The exact reference is column 7 of Tsutsumi. No, no, no. This is prosecution history. He said the prosecution history would be about Tsutsumi.  On the appendix page. In the prosecution history, the argument that was made, if you'll hand me the binder there on the top. The argument made in the prosecution history with respect to Tsutsumi. Is it JA 4038? Is appendix 4070, Your Honor? 4038. Is it 4038 that you refer? I think that's the reference. 4037. 4037, Your Honor. And in 4037, Your Honor, Judge Toronto and Judge Cunningham, it says, the abstract of Tsutsumi 799 states that a lateral acceleration imposed on a body vehicle is detected, a connection is made on the calculated value of the target vehicular velocity according to a detected value of magnitude. And then on the next page, it says, applicant can find no suggestion whatsoever in Tsutsumi to utilize a detected change in a vehicle's lateral acceleration. In my mind, that resolves the issue in our favor. Because here you have a specific statement that what you have in Tsutsumi, which is a repeated check, and then taking an action on that repeated check, that is not a change. That is reaching a threshold value and taking an action on the threshold value. I think we win on that, Your Honor. And that's really all I have to say. All right. Thank you, Mr. Lavenue. Thank you. Mr. Kelson has some rebuttals on. And I do want you to get back to this point of, I see the detected change language in Claim 10. Yes, Your Honor. Is that, are people disagreeing? Is anybody else not seeing that language? Sure. So I think what you're referring to, Your Honor, is the second-to-last sort of main limitation that begins at least one lateral acceleration sensor. Is that correct?  So that limitation does recite that the lateral acceleration sensor is operative to detect a change. But the claim does not require that any particular action be taken in response to that detected change. And our understanding, and it appears the defendant's understanding as well, is that the meaning of that phrase as used in this particular context is not at issue in this appeal. And certainly the district court did not purport to construe the meaning of that phrase in Claim 10. So you're contending that we do need to decide both issues in light of that? Certainly. Yes, Your Honor. There are claims asserted against, as it seems we're all in agreement, the first issue pertains to both BMW and Ford. And there is a set of claims asserted against Ford that turns on the controller issue no matter what the court decides on the change issue. I'll address the prosecution history briefly with respect to the change issue. So one of the keys here is that Ford and BMW actually can't agree about which piece of the prosecution history allegedly demonstrates that there has been a deviation in the meaning of what a change is. In the briefing, BMW was focused on the Cato 179 reference, and that's it. Right, but today we've been focused on Tsutsumi, so just focus on that. Sure. It's helpful to talk about how they can't agree and how the district court didn't really rely on it. We're looking at this right now. Yes, Your Honor. And the discussion of Tsutsumi appears in Appendix 4037 to 4038. And what Tsutsumi was doing, as we explain in more detail in our brief, was taking lateral acceleration as an input variable into calculating a target vehicle velocity. In other words, if my lateral acceleration is x at some moment in time, my target vehicle velocity should be y. And there were other inputs into that target vehicle velocity also. It was all a moving target. There was an ongoing calculation taking lateral acceleration, among other variables, as an input into a target vehicle velocity. There was no threshold. But why doesn't Appendix page 4037 to 4038 support the district court's claim construction here? Your Honor, the appendix – I apologize. Let me make sure I have the correct page in front of me. And those are the pages you just cited to us and you were discussing just right. I'm talking about the same pages. But I don't see why that doesn't support the claim construction of the district court. Yes, Your Honor. So Appendix 4037, what the applicant says is, a correction is made on the calculated value of the target vehicular velocity according to a detected value magnitude of the lateral acceleration, lateral g. The use of the term magnitude there is just clarifying that the input that that algorithm is taking is the magnitude of a vector, acceleration being a vector, rather than the direction. In other words, the algorithm is agnostic to which way the vehicle is experiencing lateral acceleration, left versus right. It's taking the magnitude of lateral acceleration because the safe speed for your vehicle doesn't depend on whether you're turning left or right. And it's taking that lateral acceleration and then it discusses... So it goes on on Appendix Paragraph 40, page 4038 to say, applicant can find no suggestion whatsoever in Tsutsumi to utilize a detected change in the vehicle's lateral acceleration to determine when a vehicle is in a turn. It's not looking for any particular difference in lateral acceleration, any determination that lateral acceleration is different than it used to be. It's simply taking lateral acceleration as an input into an algorithm that is making an ongoing, repeated calculation of what your target speed is. You've well exceeded your time. Unless my colleagues have more questions. Thank you. The case is submitted. Thank you, Your Honor.